**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY DATA, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, ) ) ) ) ) Plaintiff, ) ) v. ) ) BRIDGESTONE RETAIL OPERATIONS, LLC, ) D/B/A FIRESTONE COMPLETE AUTO CARE, ) ) Defendant ) | Case No. 13-cv-2794<br><br>Honorable Judge Virginia M. Kendall<br><br>Magistrate Judge Daniel G. Martin |

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT WITH STANLEY DATA**

Plaintiff Stanley Data ("Data" or "Plaintiff") and Defendant Bridgestone Retail Operations, LLC, d/b/a Firestone Complete Auto Care ("Defendant"), by their attorneys, seek approval of their settlement in this lawsuit brought under the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"). Plaintiff and Defendant respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between them. In support of their Motion, Data and Defendant state as follows:

1. On April 14, 2013, Plaintiff filed this lawsuit against the Defendant alleging that Defendant violated the FLSA, IMWL and IWPCA (Dkt. No. 1). Plaintiff specifically alleged that he and other similarly situated individuals were not compensated for all hours worked and that he experienced unauthorized paycheck deductions. Defendant denies Data's allegations.

2. The lawsuit was brought as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of Data and other plaintiffs known and unknown.

3. Plaintiff has decided not to seek certification of a collective action pursuant to

Section 216(b) of the FLSA and is instead withdrawing the collective and class claims in connection with this settlement.

4. Since the filing of the lawsuit, Defendant has produced to Data pay records, time records and other documents relating to his claims. Attorneys for Plaintiff and Defendant have engaged in communications regarding Data's claims and Defendant's defenses.

5. Data and Defendant have also engaged in extensive arm's length settlement negotiations through counsel. The settlement negotiations have resulted in a settlement between Plaintiff and Defendant. The terms of settlement are contained in the Confidential Settlement Agreement and Release that is submitted herewith for *in camera* review.

6. Court approval of wage settlements under the FLSA is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, Data and Defendant request that this Court review their Confidential Settlement Agreement and Release and approve the same.

7. The settlement was the product of arm's length negotiations by Plaintiff and Defendant. It provides relief to Plaintiff, and eliminates the inherent risks and costs both sides would bear if this litigation were to continue, including arbitration proceedings. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversarial nature of a litigated FLSA case resulting in settlement as an indication of fairness).

8. Plaintiff believes that his attorneys' fees and costs are reasonable because of the

issues presented in the case and the amount of resources involved in the analysis of Data's claims. Accordingly, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement between Plaintiff and Defendant.

9. Data and Defendant also request that this Court initially dismiss Plaintiff's claims without prejudice and with leave to reinstate by February 27, 2014 to allow for the settlement checks to Plaintiff and his attorneys to clear the banking system. If Data does not file a Motion to Reinstate before February 27, 2014, said dismissal will automatically convert to be a dismissal with prejudice. *See* the Parties' Stipulation of Dismissal, attached hereto as Exhibit A.

WHEREFORE, Plaintiff and Defendant respectfully request that this Court approve their negotiated Confidential Settlement Agreement and Release, and initially dismiss all of Plaintiff's claims in this lawsuit without prejudice and with leave to reinstate by February 27, 2014, and if Plaintiff does not file a Motion to Reinstate before February 27, 2014, said dismissal shall automatically convert to be a dismissal with prejudice.

Dated: January 14, 2014                             Respectfully submitted,

| | |
|---|---|
| BRIDGESTONE RETAIL OPERATIONS, LLC, d/b/a FIRESTONE COMPLETE AUTO CARE | STANLEY DATA |
| /s/ Jennifer Froehlich<br>One of its Attorneys | /s/ John W. Billhorn<br>One of his Attorneys |
| Jennifer Froehlich<br>Holland & Knight LLP<br>131 S. Dearborn Street, 30th Floor<br>Chicago, Illinois 60603<br>Jennifer.froehlich@hklaw.com | John Billhorn<br>Billhorn Law Firm<br>120 S. State Street, Suite 400<br>Chicago, Illinois 60603<br>jbillhorn@billhornlaw.com |
| *Attorney for Defendant* | *Attorney for Plaintiff* |